UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| MICHELE LETSCHER, | } | |
| ON BEHALF OF HERSELF AND | } | |
| ALL OTHERS SIMILARLY SITUATED, | } | |
| | **}** | |
| Plaintiff, | } | Civil Action, File No. |
| v | } | |
| | } | |
| FORSTER & GARBUS, LLP, | } | |
| MARK A. GARBUS, AND RONALD FORSTER, | } | |
| | } | |
| Defendants. | } | |

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Michele Letscher [hereinafter "Letscher"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP [hereinafter "F&G"], Mark A. Garbus (hereinafter "Garbus"), and Ronald Forster (hereinafter "Forster"), collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from

consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Letscher is a natural person who resides at 1 Horseshoe Lane, Center Moriches, NY 11934.

6. Letscher is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

7. On or about February 6, 2017, F&G sent Letscher the letter annexed as Exhibit A. Letscher received and read Exhibit A. For the reasons set forth below, Letscher's receipt and reading of Exhibit A deprived Letscher of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, F&G sent Exhibit A to Letscher in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by TD Bank USA, N.A. for her individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. F&G, via Exhibit A, attempted to collect this past due debt from Letscher in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.  Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity.  See also Eric M. Berman, P.C. v. City of N.Y., 796 F.3d 171 (2nd Cir., 2015). F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, F&G sets forth that it is a debt collector attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

15. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly

includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

16. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

17. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

18. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

19. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G,

and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

20. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

## FIRST CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

22. Exhibit A set forth a "Minimum Amount Due" of $1,508.00 and a "Full Balance" of $10,253.55.

23. Any "Minimum Amount Due" or "Full Balance" resulted from an agreement between Letscher and TD Bank USA, N.A.; and this agreement was set forth in and formed via a contract, a set of terms and conditions, and/or account statements.

24. Exhibit A contains the following statement: "Depending on your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account". Based on this statement and pursuant to the aforementioned agreement, interest, late charges, and other charges continued to accrue and continued to be owed to TD Bank USA, N.A. on any "Minimum Amount Due" or "Full Balance" due but unpaid to TD Bank USA, N.A..

25. Based on the aforementioned statement in Exhibit A and pursuant to the aforementioned

agreement, TD Bank USA, N.A. and any assignee or successor-in-interest had a legal right at any time to collect from Letscher the aforementioned interest, late charges and other charges which had continued to accrue and continued to be owed to TD Bank USA, N.A. on any "Minimum Amount Due" or "Full Balance" due but unpaid to TD Bank USA, N.A. and any assignee or successor-in-interest.

26. As evidenced by the aforementioned statement in Exhibit A, the aforementioned right to collect from Letscher the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance" is not waived by TD Bank USA, N.A. as a result of a failure by either TD Bank USA, N.A. at any point in time to attempt to collect from Letscher the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance".

27. TD Bank USA, N.A. never sent Letscher a written communication that it waived the aforementioned right to collect from Letscher the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance".

28. On and after the date of Exhibit A, TD Bank USA, N.A. possessed the legal right to sell, transfer, or assign the account/debt identified in Exhibit A.

29. The entity to which the account/debt identified in Exhibit A was sold, transferred, or assigned had the right collect the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance".

30. On and after the date of Exhibit A, TD Bank USA, N.A. possessed the legal right to terminate F&G as its debt collector.

31. As evidenced by the aforementioned statement in Exhibit A, upon such termination, TD Bank USA, N.A., through its own efforts or the efforts of a different debt collector, had

the right collect the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance".

32. As evidenced by the aforementioned statement in Exhibit A, TD Bank USA, N.A. had the right to instruct F&G to seek from Letscher the aforementioned accrued interest, late charges and other charges in addition to any "Minimum Amount Due" or "Full Balance".

33. For the above reasons, at any time after the date of Exhibit A, the "Minimum Amount Due" or "Full Balance" due from Letscher and/or the amount sought from Letscher may have increased due to the aforementioned accrued interest, late charges and other charges.

34. Notwithstanding the above, Exhibit A did not set forth what Letscher would need to pay to resolve the debt at any given moment in the future, and/or did not set forth a clear explanation of the interest, late fees, or other fees that would cause the "Minimum Amount Due" or "Full Balance" due to increase.

35. For the above reasons, Exhibit A did not set forth the amount of the "debt". Carlin v. Davidson Fink LLP No. 15-3105-cv (2nd Cir., 2017); and Balke v. Alliance One Receivables Mgmt., Inc. 16-cv-5624(ADS)(AKT) (E.D.N.Y., 2017).

36. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) by sending Exhibit A to Letscher.

**SECOND CAUSE OF ACTION-CLASS CLAIM**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

38. Exhibit A contains the following statement: "Depending on your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your

account".

39. If there is no agreement which allows the addition of "interest" or no legal right to add "interest", Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of including the aforementioned statement in Exhibit A.

## THIRD CAUSE OF ACTION-CLASS-CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

41. Exhibit A contains the following statement: "Depending on your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account".

42. If there is no agreement which allows the addition of "late charges" or no legal right to add "late charges", Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of including the aforementioned statement in Exhibit A.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

43. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

44. Exhibit A contains the following statement: "Depending on your account agreement with the creditor, interest, late charges and other charges may continue to accrue on your account".

45. If there is no agreement which allows the addition of "other charges" or no legal right to add "other charges", Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of including the aforementioned statement in Exhibit A.

## FIFTH CAUSE OF ACTION-CLASS CLAIM

46. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

47. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## SIXTH CAUSE OF ACTION-CLASS CLAIM

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-20 of this Complaint.

49. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

50. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

51. The class consist of (a) all natural persons (b) who received a letter from F&G on behalf of LVNV dated between February 6, 2017 and February 6, 2018 (c) to collect on a credit card debt, (d) in a form materially identical or substantially similar to Exhibit A

52. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

53. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

54. The predominant common question is whether Defendant's letters violate the FDCPA.

55. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

56. A class action is the superior means of adjudicating this dispute.

57. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:          February 6, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709